**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SIMRANJEET SINGH (A No. 246-633-051),<br><br>            Petitioner,<br><br>      v.<br><br>WARDEN OF CALIFORNIA CITY CORRECTIONS CENTER FACILITY, et al.,<br><br>            Respondents. | No. 1:26-cv-01936-JLT-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS; GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH A BOND HEARING; AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(Docs. 1, 7) |

Simranjeet Singh is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 15, 2026, the assigned Magistrate Judge issued Findings and Recommendations to grant the petition and directing Respondents to provide Petitioner with a bond hearing. (Doc. 7.) The Court served the F&R on all parties and notified them that any objections were due within fourteen days. (*Id*. at 12.) The Court advised them that "failure to file objections within the specified time may waive the right to appeal." (*Id*. (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).) On May 28, 2026, Respondents filed timely objections based entirely on their "responsive pleadings." (Doc. 8; *see also* Doc. 6.) Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court

1

concludes that the F&R is supported by the record and proper analysis.

According to Petitioner's Record of Arrests and Prosecutions ("RAP sheet"), on September 16, 2025, Petitioner was arrested, detained, and cited under Cal. Veh. Code § 10851(A) for vehicle theft and Cal. Pen. Code § 496(A) for possessing a stolen vehicle. (*See* Doc. 6-1 at 4–5.) As the F&R correctly indicates, on its face, the Laken Riley Act—codified in 8 U.S.C. § 1226(c)(1)(E)—appears to apply to Petitioner because "theft" is an enumerated offense. (Doc. 7 at 4); 8 U.S.C. § 1226(c)(1)(E) ("The Attorney General shall take into custody any alien who . . . is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, *theft*, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person") (emphasis added); *see Rohit Lnu v. Chestnut*, 1:26-cv-00016-JLT-SAB, 2026 WL 395882, at *1, 4 (E.D. Cal. Feb. 12, 2026) (dealing with an arrest for petty theft in violation of California Penal Code § 484(a) and finding that, on its face, it appeared to qualify as an enumerated crime of theft), *report and recommendation adopted in full*, 2026 WL 623148, at *1 (E.D. Cal. Mar. 5, 2026). Furthermore, Petitioner does not indicate otherwise as he failed to address the applicability of the Laken Riley Act. (*See* Doc. 7 at 4; *see also* Doc. 1.) There is also no indication in the record that charges for these offenses were dropped or dismissed. *Cf. Singh v. Wofford*, No. 1:26-cv-01161-KES-EPG (HC), 2026 WL 972547, at *2 (E.D. Cal. Apr. 10, 2026) (collecting cases which have found that the Laken Riley Act ceases to apply when charges for a theft offense are dropped or dismissed).

The F&R also concludes, upon an application of the factors enumerated in *Mathews v. Eldridge*, 424 U.S. 319 (1976), that Petitioner's prolonged detention under 8 U.S.C. § 1226(c) entitles him to a bond hearing.[1] (Doc. 7 at 8–10.) Petitioner was detained on October 29, 2025,

---

[1] Though this Court would typically apply the three-factor test in *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) to determine whether a petitioner detained under § 1226(c) is entitled to an *initial* bond hearing, there was a lack of information in the record to allow the Court to conduct such analysis. (*See* Doc. 7 at 8.) As such, the Magistrate Judge applied the three-factors in *Mathews v. Eldridge*, 424 U.S. 319 (1976) instead, which is also regularly applied by courts in this circuit to determine whether a petitioner is entitled to an *initial* bond hearing under § 1226(c). *See Zagal-Alcaraz v. ICE Field Office*, No. 3:19-cv-01358-SB, 2020 WL 1862254, at *4 (D. Or. Mar. 25, 2020 (applying both the *Mathews* test and a multi-factor test), *report and recommendation adopted*, 2020 WL 1855189 (D. Or. Apr. 13, 2020); *Mitka*

and has now been detained for approximately eight months without a bond hearing. (*See* Doc. 1 at 5.) Courts have found similar lengths of mandatory immigration detention, without a bond hearing, to be unreasonable. *See e.g.*, *Black v. Decker*, 103 F.4th 133, 137–38 (2d Cir. 2024) (affirming the district court judgement ordering a bond hearing for a petitioner detained under § 1226(c) for seven months without a bond hearing); *Sajous v. Decker*, No. 18-cv-2447 (AJN), 2018 WL 2357266, at *1, 10 (S.D.N.Y. May 23, 2018) (granting preliminary injunction and ordering individualized bond hearing for petitioner detained more than eight months under § 1226(c) without a bond hearing). Considering this, and the other factors as explained in the F&R, the Court finds that a bond hearing is an appropriate remedy in this case. (*See* Doc. 7 at 9–11.)

Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on May 15, 2026 (Doc. 7) is **ADOPTED IN FULL**.

2. The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

3. **<u>Within 14 days</u>** of the date of service of this order, unless Petitioner consents to a later date, Respondents are ordered to provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

4. At least 72 hours before the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing,

---

*v. ICE Field Office Dir.*, No. C19-193 MJP, 2019 WL 5892025, at *2 (W.D. Wash. Nov. 12, 2019) (applying both the *Mathews* test and a multi-factor test); *Henriquez v. Garland*, No. 5:22-cv-00869-EJD, 2022 WL 2132919, at *5–6 (N.D. Cal. June 14, 2022) (applying the *Mathews* test); *Jimenez v. Wolf, et al.*, No. 19-cv-07996-NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020) (applying the *Mathews* test).

and he **SHALL** be entitled to appear at the hearing. If his counsel has filed an appearance in the immigration proceedings, at least 72 hours before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5. The Clerk of Court is **DIRECTED** to serve a copy of this order on California City Detention Facility in California City, California.

6. The Clerk of Court is directed to **CLOSE THE CASE** and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **June 24, 2026**

UNITED STATES DISTRICT JUDGE